Nicholson, C. J.,
delivered the opinion of the court.
Frances Jones, as widow of Elijah Jones, filed her bill against O. Brewer, his administrator, and the other defendants, his heirs, to have dower allotted in his real estate, and a distributive share of his personalty.
The defendants deny, her right to either, upon the ground that before the inarriage of complainant and Elijah Jones, they entered into a written contract by which, for a consideration stated, she relinquished all right to dower, or to a distributive share of his estate.
They file with their answer what purports to be a certified copy of the ante-nuptial contract relied on. The genuineness of this paper is denied on oath by Frances Jones, who states that she never executed it.
The chancellor held that there was no legal proof as to the execution of the ante-nuptial contract, and gave complainant relief.
The ante-nuptial contract relied on by defendants purports to be signed by Elijah Jones and Frances Jones, and to have been made before marriage. Before marriage Frances Jones’ name ivas Frances Tartar, and the proof is that she was illiterate, and could not write her name. Yet the contract, a copy of which only is produced, and the *420 original not properly accounted for, is signed by Frances Jones as if signed by herself. She denies on oath that she executed the contract-, and although there is some evidence tending to show that she executed some contract before marriage, it fails to show that that contract was the same as the one of which a copy is adduced.
Upon the whole, we concur with the chancellor that the proof fails to establish the copy of the contract relied on as a genuine paper.
But the widow'died before the hearing of the cause, and the question is raised whether the suit did not thereby abate, especially as to- the claim for damages for the detention of dower. If this had been an action at la.w for dower, it is probable, upon the old authorities, that the suit would have -abated, and would not have been subject to- revivor. But the rule is different in a court of equity. See the case of London v. London, 1 Hum., 1, 9, 14, in which the question is fully discussed, and in which the right of the administrator to revive after the death of the widow, and to recover the rents is recognized.
In the present case, upon the death of the widow, leave was obtained to file a bill of revivor by the administrator and heirs, and such bill was filed, -and the defendants appeared.
No formal order or revivor was made, which would have been more regular, but as the court proceeded to hearing upon the 'order granting leave to file the bill of revivor as if it had been regularly revived, it was sufficient, upon the appearance of defendants to the bill.
Upon the whole case we are of opinion there, is no error in the decree, and the same is affirmed with costs, and the cause remanded for further proceedings.